UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH G., | |
| Plaintiff, | Case No. C24-2025-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends that the administrative law judge ("ALJ") erred by misevaluating her symptom testimony. (Dkt. # 11.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 16.) Plaintiff filed a reply. (Dkt. # 17.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II.    BACKGROUND

Plaintiff was born in 1991, has a high school education, and has worked as a cashier, hostess, and order filler. AR at 28. Plaintiff was last gainfully employed in August 2015. *Id.*

In August 2019, Plaintiff applied for benefits, alleging disability as of January 1, 2015. AR at 231-40. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 92, 120, 176-77. After the ALJ conducted a hearing in September 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 18-30, 37-67.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff's severe impairments include fibromyalgia, migraines, obesity, anxiety, depression, and personality disorder. AR at 20. She can perform light work with certain limitations: she should avoid concentrated exposure to cold temperatures, is limited to simple, routine tasks, and can adapt to simple, occasional work changes. *Id.* at 22. She can perform her past relevant work as a cashier, as well as other work that exists in significant numbers in the national economy, and therefore, is not disabled. *Id.* at 29.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] 20 C.F.R. § 416.920.

1    conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this

2    standard, the Court must consider the record as a whole to determine whether it contains

3    sufficient evidence to support the ALJ's findings. *Id.*

4        Although the Court evaluates the record as a whole, it is not permitted to reweigh the

5    evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th

6    Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical

7    evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the

8    evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld.

9    *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the

10   disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party

11   challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v.*

12   *Sanders*, 556 U.S. 396, 409 (2009).

13                        **IV.    DISCUSSION**

14       Plaintiff argues that the ALJ improperly rejected her testimony regarding the severity of

15   her migraines and headaches. (Dkt. # 11 at 5.) Absent evidence of malingering, an ALJ is

16   required to provide clear and convincing reasons for discounting a claimant's testimony. *See*

17   *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to

18   believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116;

19   *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is

20   convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to

21   convince." *Smartt*, 53 F.4th at 499.

22       Plaintiff contends the ALJ applied an incorrect legal standard when she discounted her

23   testimony as "not entirely consistent with the medical evidence and other evidence in the

1    record." (Dkt. # 11 at 5.) The Ninth Circuit rejected this exact argument in *Smartt*—a case that

2    Plaintiff, strangely enough, cites to support her position. *Smartt*, 53 F.4th at 498.

3            In *Smartt*, as here, the claimant argued that the ALJ's use of the phrase "not entirely

4    consistent with the medical evidence" improperly "penalized her for not providing objective

5    medical evidence fully corroborating the severity of her self-reported symptoms." 53 F.4th at

6    498. The Ninth Circuit observed that the phrase "not entirely consistent with the medical

7    evidence" is commonly used by ALJs and has generated challenges on appeal. *Id.* at 499 n.2. The

8    Ninth Circuit concluded, however, that these challenges have misread the "not entirely

9    consistent" boilerplate. *Id.* at 498-99. The Ninth Circuit explained that ALJs often use the phrase

10   "not entirely consistent with" to indicate that the claimant's testimony is inconsistent with other

11   evidence in the record. *Id.* Because that was the case in *Smartt*, the Ninth Circuit rejected the

12   claimant's assertion of legal error. *Id.* The same reasoning applied here.

13           At the beginning of her testimony evaluation, the ALJ accurately recited the two-step

14   process for evaluating Plaintiff's symptom testimony. AR at 22. Then, in the pages following the

15   legal recitation, the ALJ spent several paragraphs discussing the medical record and highlighting

16   inconsistencies between this record and Plaintiff's testimony. *Id.* at 23-25. When properly

17   understood in context, "not entirely consistent with the medical evidence" functions as a

18   reasonable summary transition from the legal framework into specific case analysis, warning the

19   reader that the ALJ found some, but not all, of the claimant's testimony credible. *Id.* at 22. For

20   example, the ALJ acknowledged Plaintiff experiences variable symptoms from migraines, but

21   found her claims about daily, debilitating migraines and constant dark-rest reliance inconsistent

22   with the largely normal findings and treatment history. *Id.* at 20, 23-25.

23

Boilerplate such as this is common in ALJ decisions. When it is not accompanied by a case-specific analysis, it is problematic. *See Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102-03 (9th Cir. 2014). But it is not grounds for the reversal of an otherwise legitimate decision. *See Smartt*, 53 F.4th at 498; *see also Sonja M. v. Comm'r of Soc. Sec.*, 2023 WL 5769418, at *2 (W.D. Wash. Sept. 7, 2023) (rejecting the argument that the ALJ committed a legal error by applying a "not entirely consistent" standard).

Plaintiff also challenges the substance of the ALJ's symptom testimony findings. (Dkt. # 11 at 6-7.) The ALJ provided three, interrelated reasons for rejecting Plaintiff's testimony about the severity of her migraines and headaches. First, the medical record reflected limited treatment and minimal ongoing issues. AR at 23-25. Second, her reports were inconsistent with her documented improvements with treatment and fluctuating symptom reports. *Id.* Third, her testimony was more extreme than the evidence supported, given the absence of targeted, specialized treatment and generally normal examination results. *Id.* These findings are supported by the record evidence. *See Smartt*, 53 F.4th at 499.

During the disability hearing, Plaintiff averred that she cannot perform any full time work because her daily migraines, triggered by "light, sound, noise, anything," impair her concentration, necessitate resting in darkness, and cause severe radiating head and neck pain. AR at 57-62. The ALJ discounted this testimony based on the overall record, which showed stable, normal physical and mental health and a lack of ongoing, specialized, or aggressive treatment targeting migraines or headaches. *Id.* at 23-25. For example, in August 2023, despite endorsing ongoing physical and mental impairments, Plaintiff reported things were "going great," she was "feeling better," and she was having fewer migraines. *Id.* at 25 (citing *id.* at 2165). These were "clear and convincing" reasons for the ALJ to discount Plaintiff's testimony. *See Carmickle v.*

1    *Comm'r of Soc. Sec.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical

2    record is a sufficient basis for rejecting the claimant's subjective testimony."); *see also*

3    *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (the ALJ did not err in rejecting

4    testimony of debilitating pain "in light of the fact that he did not seek an aggressive treatment

5    program and did not seek an alternative or more-tailored treatment program after he stopped

6    taking an effective medication due to mild side effects"); Social Security Ruling ("SSR") 16-3p,

7    2017 WL 5180304, at *9 (Oct. 25, 2017) ("[I]f the frequency or extent of the treatment sought by

8    an individual is not comparable with the degree of the individual's subjective complaints . . . we

9    may find the alleged intensity and persistence of an individual's symptoms are inconsistent with

10   the overall evidence of record.").

11           Plaintiff's citations to other records do not undermine these findings.[3] (Dkt. # 11 at 6-9.)

12   The ALJ acknowledged Plaintiff experiences variable symptoms. The question facing the ALJ,

13   however, was how severe these symptoms were and how they impacted Plaintiff's ability to

14   work full time. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (the social security

15   program is "intended to provide benefits to people who are unable to work; awarding benefits in

16   cases of nondisabling pain would expand the class of recipients far beyond that contemplated by

17   the statute."). Here, it was reasonable for the ALJ to discount Plaintiff's reports of daily,

18   debilitating migraines as inconsistent with the lack of evidence of ongoing, targeted treatment

19   and with the generally stable and unremarkable objective health findings. AR at 23-25.

20   Substantial evidence supports the ALJ's determination.

21

22   _____

23   [3] Plaintiff argues for the first time in her reply brief that the ALJ erred in discounting her testimony based
     on her "reported little treatment" (dkt. # 17 at 3), but arguments raised for the first time in a reply brief are
     waived. *Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013) ("Because we do not consider
     issues raised for the first time in reply briefs, we deem this late-raised argument forfeited.")

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 27th day of May, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7